UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23815-Civ-COOKE/TURNOFF

JOHN H. FARO, *et al.*,

    Plaintiffs/Counter-Defendants

vs.

CLAUDIO SONDERMANN, *et al.*,

    Defendants/Counter-Plaintiffs.

_____/

**<u>ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS</u>**

THIS MATTER is before me on Plaintiff/Counter-Defendant's John H. Faro's ("Faro") Motion to Dismiss Counterclaim (ECF No. 8). I have reviewed the complaint, the arguments and the relevant legal authorities. For the reasons explained below, the motion is denied.

**I. BACKGROUND**

Faro is an attorney in Miami, Florida. On October 15, 2008, Claudio Sondermann and Madalena Sondermann (the "Sondermanns") retained Faro to represent them in a product liability lawsuit. In or about March 2009, the Sondermanns settled the product liability lawsuit for $150,000.00. The Sondermanns arranged for Faro to transfer the entire settlement amount to their account in two equal installments. Faro transferred the first installment as planed; however, he withheld $21,000.00 from the second installment to pay litigation expenses. In or about June 2009, the Sondermanns filed a complaint against Faro with the Florida Bar, alleging that he mishandled the disbursement of the settlement funds. On July 20, 2010, the Florida Bar Grievance Committee for the Twentieth Judicial Circuit concluded that no disciplinary proceedings were warranted against Faro for withholding the funds.

1

On October 21, 2010, Faro filed a three-count complaint with this Court alleging breach of contract (Count I), fraud in the inducement (Count II), and malicious prosecution (Count III) against the Sondermanns.  The Sondermanns subsequently filed two counterclaims against Faro for professional malpractice and fraud in the inducement.  Faro now moves to dismiss the Sondermanns' counterclaims for failure to state a cause of action.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 570 (2007).  In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," and the allegations in the complaint are viewed in the light most favorable to the plaintiff.  *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 n.1 (11th Cir. 1999)).  Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007).  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555-56.  To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met.  *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-1296 (11th Cir. 2007).

## III. ANALYSIS

Faro argues that the counterclaims should be dismissed under Rules 12(b)(6) and 12(c). Faro asserts that, under the Federal Rules of Civil Procedure, judgment on the pleadings is

proper because the motion to dismiss relies on matters outside of the pleadings. Faro, however, misapplies Rule 12(c). Judgment on the pleadings is appropriate when the pleadings are closed, "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 12(c); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). The pleadings are still open in this case. Therefore, my analysis will proceed under Rule 12(b)(6).

### A. Count I – Professional Malpractice

In order to prevail on a legal malpractice claim under Florida law, "a plaintiff must establish the existence of three essential elements: (1) that the defendant attorney was employed by the plaintiff; (2) that the defendant attorney neglected a reasonable duty owed to the plaintiff; and (3) that such negligence was the proximate cause of loss to the plaintiff." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250 (11th Cir. 2004) (quoting *Olmsted v. Emmanuel*, 783 So. 2d 1122, 1125 (Fla. Dist. Ct. App. 2001). The facts alleged sufficiently state a cause of action for malpractice. The Sondermanns claim that they retained Faro to represent them for the product liability lawsuit and that he had a duty to fully and completely represent their interests during the entirety of the litigation. Faro allegedly breached that duty by misrepresenting the amount potentially recoverable from the action, failing to transfer the full amount of the settlement, and disclosing the confidential and privileged information contained in their settlement agreement. The Sondermanns also claim that they suffered loss as a result. Count I satisfies survives Faro's 12(b)(6) challenge.

### B. Count II – Fraud in the Inducement

In Florida, a cause of action for fraud in the inducement contains four elements: "(1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4)

3

consequent injury to the party acting in reliance." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808-809 (11th Cir. 2010) (quoting *Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007)).  Pursuant to Federal Rule of Civil Procedure 9(b), the circumstances constituting fraud in the inducement must be plead with particularity.  To satisfy the Rule 9(b) pleading standard, a complaint must allege: (1) the precise statements, documents, representations or omissions made; (2) the time and place of and the person responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud.  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).  "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Count II alleges that Faro fraudulently induced the Sondermanns into allowing him to receive attorneys' fees in excess of the terms of the contingency agreement. The Sondermanns argue that Faro agreed to receive 33.33% of the total gross amount of any settlement or damages award, plus a $10,000 retainer fee.  The terms and conditions of the contingency agreement comply with the Florida Rules of Professional Conduct.  *See* Fla. Rules of Prof'l Conduct § 4-1.5(f)(4)(B)(i).  Pursuant to the terms of that agreement, the Sondermanns were entitled to receive a $10,000 credit against the earned retainer fee at the time of settlement.  The Sondermanns' allege, that Faro kept the initial retainer fee and obtained payment from the product liability defendant in the form of two boat engines.  The Sondermanns also allege that Faro's representations regarding payment were a major inducement into resolving the product

4

liability lawsuit. Given the counterclaim's factual allegations and the term of the contingency agreement, there is no question that Count II states a viable cause of action for fraud.

### IV. CONCLUSION

For the foregoing reasons, I hereby **ORDER and ADJUDGE** that Faro's Motion to Dismiss Counterclaim (ECF No. 8) is **DENIED**. Faro shall file an answer to the Counterclaim within seven (7) days of the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of July 2011.

_____
MARCIA G. COOKE
United States District Judge